# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS IIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   1:15-cv-0946-MHH-JEO |
| | ) |
| JEFFERSON S. DUNN, Commissioner of | ) |
| the Alabama Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. The action was filed, through counsel, by petitioner Nicholas Iiams, an Alabama state prisoner. (Doc. 1). The cause now comes to be heard on Mr. Iiams's motion to dismiss the action as moot. (Doc. 8). The court concludes that the motion should be granted.

In 1995, Mr. Iiams was convicted in the Circuit Court of St. Clair County, Alabama, for a capital murder he committed when he was 15 years old. The trial court imposed the then-mandatory minimum sentence under state law: life imprisonment without the possibility of parole. Relying upon the Supreme Court's decisions in *Roper v. Simmons*, 543 U.S. 551 (2005); *Miller v. Alabama*, 132 S. Ct. 2455 (2012); and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), Mr.

Iiams filed this habeas action seeking relief in the form of a new sentencing hearing at which the state court might consider whether a sentence of life imprisonment *with* the possibility of parole is more appropriate.

Since then, on December 20, 2016, the state circuit court issued an order granting relief from Mr. Iiams's mandatory life-without-parole sentence and set the case for further resentencing. (Doc. 8 at 2). Because such was the relief that Mr. Iiams sought in this habeas action, he states that the case is moot. (*Id.*) The court agrees. "[A] case must be dismissed as moot if the court can no longer provide 'meaningful relief.'" *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003). Accordingly, this matter should be dismissed as moot. The court will enter a separate final order.

**DONE** this 5th day of January, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE